**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

MORGAN T. ZURN
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

August 24, 2023

Shaun Michael Kelly, Esquire
Connolly Gallagher
1201 North Market Street
20th Floor
Wilmington, DE 19801

A. Thompson Bayliss, Esquire
Abrams & Bayliss LLP
20 Montchanin Road
Suite 200
Wilmington, DE 19807

RE: ***Ryan West v. Village Practice Mgmt. Co., LLC,***
C.A. No. 2022-0562-MTZ

Dear Counsel:

Thank you for your briefing and your patience as *Terrell v. Kiromic Biopharma, Inc.* wound its way through this Court and the Delaware Supreme Court.[1] I write to address whether, under *Terrell I* and *Terrell II*, proceedings on plaintiff Ryan West's Motion for Judgment on the Pleadings (the "Motion") should be stayed in order to compel West to submit his legal claims to the Committee, mentioned in Section 4(d) of the Management Incentive Plan (the "Plan"), for an expert determination as to (1) whether defendant Village Practice Management Company, LLC (the "Company") breached the terms of the Plan and (2) whether the forfeiture provision in that Plan is enforceable. The Company asserts a stay is

---

[1] *Terrell v. Kiromic Biopharma, Inc. (Terrell I)*, 2022 WL 3083229 (Del. Ch. Jan. 20, 2022); *Terrell v. Kiromic Biopharma, Inc. (Terrell II)*, 297 A.3d 610 (Del. May 4, 2023).

warranted because Section 4(d) is functionally similar to the dispute resolution provision in *Terrell*'s Stock Option Agreement.[2]  The provisions are similar, but not in a way that warrants a stay.  The Plan does not contain a dispute resolution procedure that would divest this Court of jurisdiction to hear West's declaratory judgment claim.  It does not contain a dispute resolution procedure at all.  I conclude these proceedings should not be stayed and ask that you contact chambers for a hearing date on the Motion.

The Company "requests that the Court enter an order staying these proceedings pending a decision by [the Company's] Compensation Committee (or the Board where no such committee is appointed)."[3]  An order compelling an expert determination "is in fact an order compelling specific performance" of an alleged duty arising from and, indeed, governed by the contractual term creating

---

[2] Docket Item ("D.I.") 34 at Br. 2–3.

[3] *Id.* at 5.

it.[4]  In requesting to compel specific performance, the Company bears the burden of showing that the Agreement clearly and convincingly creates such a duty.[5]

"Determining what type of dispute resolution mechanism the parties have agreed to presents a question of contract interpretation."[6]  Where a provision "contemplates a process other than arbitration, such as when parties have entrusted a discrete decision to an expert" or a committee of experts, standard contract interpretation principles determine the provision's scope.[7]  Standard rules of contract interpretation require a court to "determine the intent of the parties from the language of the contract."[8]  Under Delaware law, the language of the contract

---

[4] *Pettinaro Const. Co. v. Harry C. Partridge, Jr., & Sons, Inc.*, 408 A.2d 957, 962 (Del. Ch. 1979) (declaring an order to stay judicial proceedings pending arbitration is an order for specific performance of a duty arising from and governed by contract).

[5] *See Clymer v. DeGirolano*, 2023 WL 4613036, at *10 (Del. Ch. July 5, 2023) (declaring the burden on the requesting party for specific performance is clear and convincing evidence); *see also E.I. du Pont de Nemours & Co. v. Bayer CropScience L.P.*, 958 A.2d 245, 252 (Del. Ch. 2008) (inquiring whether a plaintiff seeking specific performance would likely establish the agreement established the alleged duty by clear and convincing evidence).

[6] *Penton Bus. Media Hldgs., LLC v. Informa, PLC*, 252 A.3d 445, 461 (Del. Ch. 2018).

[7] *Terrell I*, 2022 WL 3083229, at *5.

[8] *Salamone v. Gorman*, 106 A.3d 354, 368 (Del. 2014) (quoting *Twin City Fire Ins. Co. v. Del. Racing Ass'n*, 840 A.2d 624, 628 (Del. 2003)).

will be construed objectively, "meaning that a 'contract's construction should be that which would be understood by an objective, reasonable third party."[9]

Section 4(d) reads as follows:

> Interpretation. Except as otherwise expressly provided in the Plan, the Committee shall have all powers with respect to the administration of the Plan, including, without limitation, full power and authority to interpret the provisions of the Plan and any Award Agreement, and to resolve all questions arising under the Plan. All decisions of the Committee shall be conclusive and binding on all persons.[10]

Unlike the dispute resolution provision in *Terrell I* and *II*, nothing in Section 4(d) states that disputes over the Plan shall be submitted to the Committee.[11] The provision does not refer to "disputes." Reserving for the Committee "powers with respect to the administration of the plan" does not clearly and convincingly remove dispute resolution from the courts. Nothing in Section 4(d) expressly indicates that the Committee's "powers with respect to the administration of the plan" should be

---

[9] *Cox Commc'ns, Inc. v. T-Mobile US, Inc.*, 273 A.3d 752, 760 (Del. 2022) (quoting *Exelon Generation Acq., LLC v. Deere & Co.*, 176 A.3d 1262, 1267 (Del. 2017)).

[10] D.I. 1, Ex. 1 § 4(d).

[11] *See Terrell II*, 297 A.3d at 615 ("Any dispute regarding the interpretation of this Agreement shall be submitted by Optionee or the Company to the Committee for review. The resolution of such a dispute by the Committee shall be final and binding on the Company and Optionee.").

broadly construed to include the authority to resolve legal disputes.[12]  Reserving legal determinations, such as liability, to an expert's determination would be highly unusual.[13]  Section 4(d) did not put West on notice that the Company intended to submit all disputes to the Committee.

Courts interpreting contractual provisions also "read the specific provisions of the contract in light of the entire contract."[14] The "[Class B Units Award Agreement] (including the Notice of Grant, Schedule A and the Investment Representation Statement), the Plan and the Operating Agreement constitute the

---

[12] *See Ray Beyond Corp. v. Trimaran Fund Mgmt., LLC*, 2019 WL 366614, at *5–6 (Del. Ch. Jan. 29, 2019) ("Nothing on the face of Section 6.17(g) expressly indicates whether the Settlement Accountant's authority to determine 'appropriate distribution' should be broadly construed to include the authority to resolve all questions, including legal questions, affecting distributions.").

[13] *See Penton*, 252 A.3d at 464 ("The parties are not, however, normally granting the expert the authority to make binding decisions on issues of law or legal claims, such as legal liability." (quoting N.Y.C. Bar Comm'n on Int'l Com. Arb., *Purchase Price Adjustment Clauses and Expert Determinations: Legal Issues, Practical Problems and Suggested Improvements* (2013))); *see also Terrell II*, 297 A.3d at 615 (noting issues of legal liability are not well suited for expert determinations).

[14] *Ray Beyond Corp.*, 2019 WL 366614, at *5 (quoting *Chi. Bridge & Iron Co. N.V. v. Westinghouse Elec. Co. LLC*, 166 A.3d 912, 913–14 (Del. 2017)).

entire agreement between the parties . . . ."[15]  Reading the entire agreement reveals

the parties acknowledged the possibility of litigation about the Plan in court.[16]

Accordingly, I believe this Court can hear West's Motion without further

ado.  Counsel shall contact chambers to schedule a hearing date.


Sincerely,

*/s/ Morgan T. Zurn*

Vice Chancellor

MTZ/ms

cc:  All Counsel of Record, via *File & ServeXpress*

---

[15]  D.I. 1, Ex. 3 § 14(e).

[16] *See* D.I. 1, Ex. 1 § 18; *see also* D.I. 1, Ex. 2 § 14(d) ("Should any provision of this Agreement be determined by a court of law to be illegal or unenforceable . . . .  Each of the parties submits to the nonexclusive jurisdiction of any state or federal court in the State of Delaware in any action or proceeding arising out of or relating to this Agreement and agrees that all claims in respect of the action or proceeding may be heard and determined in any such court; *provided, however,* that the Participant agrees that he or she will only commence action in the State of Delaware."); *see also id.* § 14(l) ("NO PARTY TO THIS AGREEMENT . . . SHALL SEEK A JURY TRIAL IN ANY LAWSUIT, PROCEEDING, COUNTERCLAIM OR ANY OTHER LITIATION PROCEDURE BASED UPON OR ARISING OUT OF THIS AGREEMENT.").